MARY E. McLEOD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

KEITH McLEOD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 104573, 104574. Promulgated October 7, 1941.

*H. B. Holland, Esq.*, for the petitioners.
*T. G. Histon, Esq.*, for the respondent.

OPINION.

MURDOCK: The statute allows a debt to be deducted in the year in which it is ascertained to be worthless and charged off. No argument is made that these were not debts or that they were not charged off in 1937. The parties disagree only on the question of ascertainment. That question must be decided upon the facts in this case and not upon those in other cases in no proper way incorporated in this record. *Isaac L. Merrill*, 31 B. T. A. 530. "Ascertained" means ascertained by the taxpayer, or in the case of the mother, by her son acting in her behalf. Thus the statute allows some latitude, since one person may ascertain a fact at one time while another person may ascertain the same fact at another time. Cf. the Russian bond cases, *Murchison National Bank*, 1 B. T. A. 617; *Samuel Bird*, 4 B. T. A. 259; and *Anna Bissell*, 23 B. T. A. 572. The Commissioner has recognized this principle in regard to these American certificates. 1935 C. C. H. Federal Tax Service, vol. 3, ¶ 6223. The taxpayer must act in good faith and must not close his eyes to that which is obvious to a reasonable person. But within those limits it is his ascertainment which is decisive, not what someone else would have done under the circumstances. *Avery* v. *Commissioner*, 22 Fed. (2d) 6; *Moore* v. *Commissioner*, 101 Fed. (2d) 704; *Commissioner* v. *MacDonald Engineering Co.*, 102 Fed. (2d) 942.

The petitioner, Keith McLeod, concedes that the certificates were in fact worthless in 1932 and, had he been able to obtain earlier the total information which eventually came to him, an earlier charge-off and deduction would have been proper. He has shown that he was attentive and was obtaining promptly such definite information as was obtainable through the press and through the Lee Higginson Trust Co. about the extremely confused and doubtful situation which was gradually revealed following the suicide of Kreuger in 1932. He rightly believed that he and his mother would recover something if their claims were not subordinate to those of general creditors. The record shows that a substantial amount was paid to general creditors, beginning with the dividend proposed in 1936 and paid in 1937. There was real doubt as to whether or not the claims of certificate holders were to be subordinate, despite the provision on the debentures. It does not appear that the petitioner ever saw that provision or knew about it. But the referee knew about it and still held in 1937 that there was no subordination. The petitioner was certainly not unreasonable, so far as this record shows, in being unconvinced of the worthlessness of the certificates until the District

292

Court overruled that order of the referee. He has testified that he was unconvinced until that time. He has made a strong *prima facie* case. The respondent has not shown knowledge by the petitioner prior to 1937 of facts which should have led to an earlier ascertainment. *Nellie Kenefick*, 3 B. T. A. 659. Facts in regard to stock exchange quotations relied upon by the Commissioner in his argument are not in the record. See on this subject *Isaac L. Merrill*, *supra*. Nor are the facts which justified the deductions for 1932 in *Robert Ridgway*, 35 B. T. A. 122, and *Cammack* v. *United States*, 113 Fed. (2d) 547, present in this record. The respondent put in evidence the returns of the petitioners for 1932 through 1937 to show that the petitioner made the charge-offs in 1937 because that was the first year they would be of benefit. The returns fail to show that the petitioners were influenced in that way. They had substantial income in other years and paid tax for some years, particularly 1936. Income was offset by credits, principally credits for dividends, in the years for which no tax was paid. The evidence preponderates in favor of the petitioners and we hold that they are entitled to the deductions.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

KERN concurs only in the result.
SMITH dissents.